the defendant is clearly not liable to the plaintiff. McGuinness v. Allison Realty Company, 46 Misc. Rep. 8, 12, 93 N. Y. Supp. 267, and authorities there cited, affirmed 111 App. Div. 926, 97 N. Y. Supp. 1141.

The judgment appealed from should be affirmed, with costs. All concur.

---

### SHAFER v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—ACTIONS—QUESTIONS FOR JURY.

    In an action by a servant, burned while sealing packages with wax, the question of defendant's negligence in furnishing a defective receptacle for the heated wax *held* one for the jury.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1010–1050; Dec. Dig. § 286.*]

Appeal from Trial Term, Kings County.

Action by Mary E. Shafer against the New York Life Insurance Company. From a judgment for defendant, and an order dismissing her complaint, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Thomas J. Ritch, Jr., for appellant.

Carl Schurz Petrasch (Sidney L. Teven, on the brief), for respondent.

THOMAS, J. Plaintiff, for many years employed as a general utility girl by defendant, was directed to do what she had often done— seal packages with wax taken by her from a small pan or cup set down about a quarter of an inch into a receiving standard. While she was scraping, gently as she says, the melted wax from the applying stick on the edge of the cup, it upset and severely burned her. The jury disagreed, and later the defendant, although he had not so moved at the close of the evidence, "applied" for a dismissal of the complaint, and it was so ordered, and the plaintiff has appealed from the order and judgment thereon.

The record shows no exception, but order of dismissal was made on June 29, 1911, although the trial was on May 11th. It would be injustice to deny a review of the facts by reason of the failure to file an exception to an order so made. The cup and holder were bought in the open market, and were of a kind in general use. Such utensils are "generally made in two parts," as defendant's expert stated. From this evidence it is inferable that they are sometimes made in one part, although defendant's superintendent of the printing department stated that all were separable; that the cup was brass, or copper, and the base iron, suggesting an impossible unity; and that their separability was for the purpose of readily cleaning them. If this evidence be accepted,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the disposition of the case was correct, even though, as the witness Roden said, a cup did at one time tip with her and she reported it. But there is evidence for the plaintiff that the cup produced by defendant on the trial was not the cup she was using, in that the absent one had a deeper flange, which in itself is not sufficient to disturb the judgment, and that the two parts of all cups were originally united, so as to form one piece. This evidence as to the union is given by the forewoman in the printing department until within six months of the accident. She was not permitted to give evidence of repairs, which was error, as it may be that it would have shown that the parts were refastened after the separation of them indicated by her. The plaintiff, as she says, did not know that the parts were separable, and perchance they were not.

It may be argued that the evidence preponderatingly shows that the utensil used, and all utensils used, were in two parts; but, whatever the view may be in that regard, the question was in the first instance for the jury whether the dish was one of parts originally fastened so that the cup could not tip, and whether, through the defendant's negligence, there had been failure to preserve the dish in its intended condition. If the repairs had upon it related to this, evidence of the same was admissible; otherwise, not.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.